UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN S. ELPEDES, | No. C 09-362 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| FERNANDO GONZALEZ, | |
| Respondent. | |

## INTRODUCTION

Ruben S. Elpedes, currently incarcerated at California Correctional Institution in Tehachapi, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court dismissed the petition with leave to amend because Elpedes had omitted almost all the necessary information from it. His amended petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the amended habeas petition, Elpedes was convicted in Alameda County Superior Court of committing a lewd act with a child, see Cal. Penal Code §288(a). On May 25, 2007, he was sentenced to six years in prison.

Elpedes appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. He then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The amended petition alleges a single claim for prosecutorial misconduct. Liberally construed, the claim is cognizable in a federal habeas action and warrants a response.

## CONCLUSION

For the foregoing reasons,

1. The amended petition states a cognizable claim for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **September 18, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the amended petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 30, 2009**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: July 13, 2009

Marilyn Hall Patel
United States District Judge

3